UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TENEE NICOLE BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV421-179 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Plaintiff Tenee Baker seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must

affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id*. (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. ANALYSIS

Baker, who is a younger individual aged 18-49 as defined by 20 CFR § 404.1563, alleges disability beginning on April 25, 2019. Tr. 273. She has a high school education and past work experience as a biomedical technician and prep cook. Tr. 25-26. After a hearing, tr. 30-55, the ALJ issued an unfavorable decision. Tr. 10. The Appeals Council denied review April 9, 2021, tr. 1, making the ALJ's decision the final agency decision.

The ALJ found that Baker's degenerative disc disease, ear disorder, migraine headaches, nervous system disorder, obesity; fibromyalgia, affective disorder, and posttraumatic stress disorder constituted severe impairments but did not meet or medically equal a Listing. Tr. 17. Her maximum residual functional capacity was found to allow for the performance of light work as defined in 20 CFR § 404.1567(b) with the following additional limitations: occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; frequently handle and finger; avoid concentrated exposure to

extreme cold, workplace hazards such as dangerous machinery or unprotected heights, and excessive, very loud noise. Tr. 19. She was found to be limited to superficial interaction with co-workers, and occasional, superficial interaction with the public. *Id.*

The ALJ discredited some of the evidence and medical opinions relied upon by the Plaintiff in alleging her disability. At step four, Plaintiff was found capable of returning to her past relevant work as a biomedical technician, tr. 25, leading to the ALJ determining her "not disabled." Tr. 27. Baker disagrees, arguing that the ALJ erred in her evaluation of the medical opinion evidence. Docs. 15 & 19. Specifically, she argues that the ALJ erred in failing to give appropriate weight to the medical opinion of consulting examiner Amanda Quayle, Psy.D. Doc. 15 at 12-15; *see also generally* doc. 19. Plaintiff also alleges that the ALJ failed to consider the evidence originating from Veterans Administration (VA) therapist Kelly Dickenson, Ph.D.,[2] who provided mental health therapy to Plaintiff at least thirty times. *See* doc. 15 at 15-16. Nor did

---

[2] The parties used alternative spellings of Dr. Dickenson's name in briefing, but the Court relies on the transcript, specifically pages where Dr. Dickenson signed her own name. *See, e.g.*, tr. 2894.

4

the ALJ articulate the reasons why Plaintiff's treatment with Dr. Dickenson was not considered. *Id.*

*A. Consulting Examiner Amanda Quayle, Psy.D.*

While a treating physician's opinion is valuable to the ALJ's RFC assessment, it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). Indeed, the ALJ need not adopt every limitation assessed by a credited medical source, nor must her RFC assessment mirror the opinion of every doctor. *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a whole).

Under the regulations adopted in 2017, rather than focus on any hierarchy of medical opinions, an ALJ should focus on the persuasiveness of an opinion by looking at the opinion's supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2) & 416.920c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(1) & 416.920c(c)(1). And, importantly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2) & 416.920c(c)(2); *see also*, *Awe v. Kijakazi*, 2022 WL 3083457, at *5 (N.D. Ala. Aug. 3, 2022).

The ALJ found the opinions of Dr. Quayle to be unpersuasive and inconsistent with the objective findings in the medical record. Tr. 24. As the ALJ noted, Dr. Quayle, who reviewed only limited records, found that the claimant was fully oriented, able to complete tasks of recall, performed simple calculations, and showed good abstract reasoning upon examination. *Id*. Nevertheless, Dr. Quayle opined that Plaintiff would

"struggle" to obtain employment, and that she could not "sustain basic activities for appropriate lengths of time." *Id.* Referencing the examination findings as "fairly benign," the ALJ determined that Dr. Quayle's opinions were not adequately supported and were inconsistent with the record. *Id.*

Substantial evidence supports the ALJ's decision finding Dr. Quayle's opinion unpersuasive, and the ALJ properly evaluated her opinion under the new regulations. First, Dr. Quayle's opinion regarding Plaintiff's mental state is inconsistent with evidence from her own treatment notes and those of other physicians. For example, the ALJ relied on evidence that Plaintiff completed courses to obtain her master's degree in business, with a concentration in project management during the time which she alleges disability. Tr. 593-598. She has earned a 3.87 grade point average, a substantial feat for someone with the kind of cognitive disfunction opined by Dr. Quayle. *Id.* at 595. Moreover, while the evidence of Plaintiff's unemployment application was not dispositive, Plaintiff's affirmations given in search of unemployment benefits are inconsistent with her allegations of disability. Tr. 22; see also tr. 773, 852. Finally, medical evidence and

opinions from April 2019 through March 2020 document Plaintiff's physical strength, gait, sensory function, and coordination in a manner which is in fact inconsistent with a finding of complete disability. *See* tr. 1908, 1952-1953; 2499, 106-08, 113-15, 4923-32, 5436, 5582.

### B. Medical Evidence: Dr. Dickenson

Plaintiff argues that the ALJ failed to consider the opinions of treating therapist Kelly Dickenson, Ph.D., stating that there is no mention of Dr. Dickenson's "opinions" in the ALJ's decisions. *See* doc. 15 at 16. However, as the Eleventh Circuit has recognized, recent amendments to the relevant regulations have eliminated the "treating physician rule" which required the ALJ to articulate good cause for discounting the opinion of a treating physician. *See Winschel*, 631 F.3d at 1179 (discussing the former "treating physician rule"); *Harner v. Soc. Sec'y Admin., Comm'r*, 38 F.4th 892, 897-98 (11th Cir. 2022); 20 C.F.R. §§ 404.1520c(a) & 416.920c(a). Plaintiff is correct in suggesting that the "[t]he ALJ must consider all of the evidence in the record in determining the claimant's RFC." *See, e.g., Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 883 (11th Cir. 2013) (citing *Phillips*, 357 F.3d at 1238). Indeed, the new regulations require ALJs to articulate how persuasive

they find all *medical opinions* and all prior administrative medical findings in the case record, and they require the ALJ to make every effort to obtain from [an] individual's treating physician . . . all medical evidence, including diagnostic tests, necessary in order to properly make [a disability] determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C. §§ 423(d)(5)(B) & 1382c(H)(i).  But the regulations do not specify how the ALJ must evaluate treating source evidence.

Moreover, the new regulations differentiate between *medical opinions* and "other *medical evidence.*"  20 C.F.R. §§ 404.1513(a)(2)-(3) & 404.1520c(b).  "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv).  20 C.F.R. § 404.1513(a)(2).  On the other hand, "other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis,

9

treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

The ALJ properly evaluated Dr. Dickenson's opinion under the new regulations. First, Dr. Dickenson's submissions are properly construed as *medical evidence* under the rules, rather than a *medical opinion*, because they fail to make any statement about what Plaintiff may do despite her impairments. Because Dr. Dickenson's evidence is not a "medical opinion," the ALJ is not required to articulate her reasons for considering it unpersuasive. In any event, the ALJ adequately addressed Dr. Dickenson's evidence by virtue of finding the VA submissions as a whole "neither valuable nor persuasive." *See* tr. 23 (declining to provide articulation regarding VA statements that do not describe what the claimant can do "despite her impairments."). Thus, as to Plaintiff's argument that the ALJ "wholly failed to consider a substantial portion of the record," doc. 15 at 16, she is incorrect.

The ALJ's holding is further supported because Dr. Dickenson's evidence is conclusory at best. Dr. Dickenson simply marked an "X" next to prompts describing Plaintiff's degree of service deficiencies and provided corresponding statements regarding her diagnoses without any

explanation for why she selected the response, and without providing an opinion about Plaintiff's abilities to work despite her impairment. Tr. 2894, 3175. Such conclusory opinions have limited probative value and several courts have criticized "form reports" like these, where a physician merely checks off a box, fills in a blank, or circles responses. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (holding that the use of a "questionnaire" format typifies "brief or conclusory" testimony); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best[.]"); *Wilkerson ex rel. R.S. v. Astrue*, 2012 WL 2924023, at *3 (N.D. Ala. July 16, 2012) (noting that the "form report completed by Dr. Morgan and submitted by [plaintiff]'s counsel consisted of a series of conclusory 'check-offs' devoid of any objective medical findings"); *Hammersley v. Astrue*, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("[C]ourts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions."). Thus, even if the ALJ had not adequately articulated her findings regarding this opinion, any supposed failure was harmless.

Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision" provided the ALJ's decision is sufficient to enable the court to conclude that the ALJ properly considered the claimant's condition as a whole. *Dyer*, 395 F.3d at 1211; accord *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 891-92 (11th Cir. 2014) (stating "while the ALJ must address medical opinions explicitly, the ALJ is not required to address every piece of evidence in the record"). Here, the ALJ provided a satisfactory analysis of medical evidence in the record as a whole.

### III.  CONCLUSION

The ALJ properly discredited Dr. Quayle's medical opinion and gave proper weight to medical evidence contributed from the VA and Dr. Dickenson. Therefore, substantial evidence supports the ALJ's assessment of Plaintiff's residual functional capacity and her determination that the plaintiff was capable of performing her prior employment as a biomedical technician. Accordingly, Plaintiff has failed to demonstrate that she is entitled to a remand or a reversal of the Commissioner's decision.

The ALJ's decision should, therefore, be **AFFIRMED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA