IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TENEE NICOLE BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV421-179 |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### O R D E R

Before the Court is the Magistrate Judge's August 23, 2022, Report and Recommendation (Doc. 20), to which Plaintiff Tenee Nicole Baker filed an objection (Doc. 21) and Defendant Kilolo Kijakzi, Acting Commissioner of Social Security, filed a response to Plaintiff's objection (Doc. 22). After a careful review of the record, the Court **ADOPTS IN PART** as herein modified and **DECLINES TO ADOPT IN PART** the report and recommendation (Doc. 20) as the Court's opinion in this case, and Plaintiff's objections are **OVERRULED** (Doc. 21).

### BACKGROUND

This case arises from Plaintiff's appeal of the Administrative Law Judge's ("ALJ") denial of her application for Social Security Disability Insurance Benefits. (Doc. 10, Attach. 5 at 5.) In the report and recommendation, the Magistrate Judge

set forth the following relevant background information, to which neither party objected:

> Baker, who is a younger individual aged 18-49 as defined by 20 CFR § 404.1563, alleges disability beginning on April 25, 2019. Tr. 273. She has a high school education and past work experience as a biomedical technician and prep cook. Tr. 25-26. After a hearing, tr. 30-55, the ALJ issued an unfavorable decision. Tr. 10. The Appeals Council denied review April 9, 2021, tr. 1, making the ALJ's decision the final agency decision.

(Doc. 20 at 3.)

The Magistrate Judge also outlined the five-step process that an ALJ must undertake to determine whether a claimant is disabled and described the ALJ's application of the process in Plaintiff's case as follows:

> The ALJ found that Baker's degenerative disc disease, ear disorder, migraine headaches, nervous system disorder, obesity[,] fibromyalgia, affective disorder, and posttraumatic stress disorder constituted severe impairments but did not meet or medically equal a Listing. Tr. 17. Her maximum residual functional capacity was found to allow for the performance of light work as defined in 20 CFR § 404.1567(b) with the following additional limitations: occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; frequently handle and finger; avoid concentrated exposure to extreme cold, workplace hazards such as dangerous machinery or unprotected heights, and excessive, very loud noise. Tr. 19. She was found to be limited to superficial interaction with co-workers, and occasional, superficial interaction with the public. Id.
>
> The ALJ discredited some of the evidence and medical opinions relied upon by the Plaintiff in alleging her disability. At step four, Plaintiff was found capable of returning to her past relevant work as a biomedical technician, tr. 25, leading to the ALJ determining her "not disabled." Tr. 27.

(Id. at 2, 4.)

Relevant to this order, the medical opinion of consulting examiner Amanda Quayle, Pys.D., was among those that the ALJ found to be unpersuasive in determining Plaintiff's residual functional capacity ("RFC"). (Doc. 10, Attach. 2 at 25.) In particular, the ALJ concluded the "severe limitations" that Dr. Quayle found were not supported by her examination findings, which were "fairly benign." (Id.) The ALJ also found "the severe limitations assessed by Dr. Quayle [were] inconsistent with both the objective findings in the record and the claimant's demonstrated abilities." (Id.)

On appeal in this Court, Plaintiff first argues the ALJ failed to give proper weight to Dr. Quayle's opinion. (Doc. 15 at 12.) Specifically, Plaintiff argues that regulations require that an ALJ must articulate how she considered a medical opinion, how persuasive she finds a medical opinion, and how the supportability and consistency factors were considered for a medical opinion. (Id. (citing 20 C.F.R. §§ 404.1520c(a) and 404.1520c(b)).) Plaintiff contends the ALJ failed to discuss the treatment records of treating therapist Kelly Dickenson, Ph.D., who provided mental health therapy to Plaintiff and whose medical treatment records generally document Plaintiff's diagnosis, her presenting mood, and her subjective complaints. (Doc. 15 at 5-7, 14.) Because the ALJ failed to discuss Dr. Dickenson's treatment records, which

3

Plaintiff contends were consistent with Dr. Quayle's conclusions, when evaluating Dr. Quayle's medical opinion, Plaintiff argued the ALJ's decision must be vacated and remanded.[1] (Id. at 14.) The Commissioner disagrees, arguing the ALJ properly considered the factors of supportability and consistency when finding Dr. Quayle's medical opinion was unsupported by her own examination findings and inconsistent with objective medical evidence in the record and Plaintiff's demonstrated abilities. (Doc. 18 at 4, 6-8.) Citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005), the Commissioner also counters that the ALJ was not required to reference "every piece" of evidence, like Dr. Dickenson's treatment records, as long as the Court could conclude the "ALJ properly considered the claimant's condition as a whole." (Id. at 9.)

Second, in addition to Plaintiff's argument about Dr. Dickenson's records, Plaintiff argues the ALJ erred by failing to address Dr. Dickenson's July 2019 and February 2020 medical opinions. (Doc. 15 at 15-16.) Like Plaintiff's argument about Dr.

---

[1] Plaintiff also argues that the ALJ inappropriately considered Plaintiff's receipt of unemployment benefits. (Doc. 15 at 14-15.) The Magistrate Judge found that although Plaintiff's unemployment benefit records were not dispositive, they were nevertheless inconsistent with her allegations of disability. (Doc. 20 at 7.) Plaintiff did not object to the Magistrate Judge's finding on this issue. (Doc. 21.) Therefore, finding no clear error in the Magistrate Judge's analysis of the ALJ's use of Plaintiff's unemployment benefit records, the Court **ADOPTS IN PART** this portion of the Magistrate Judge's report and recommendation.

4

Quayle's opinion, she also contends the ALJ failed to discuss Dr. Dickenson's treatment records as they relate to Dr. Dickenson and other providers' opinions. (Id. at 16.) Having ignored such a large portion of the record, Plaintiff maintains the ALJ could not have properly evaluated the supportability and consistency factors for their opinions. (Id.) Quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981), Plaintiff argues an ALJ's decision is not supported by substantial evidence if he or she fails to explain the weight given to "obviously probative exhibits." (Id.) The Commissioner responds that Dr. Dickenson did not offer a medical opinion as defined by the applicable regulations, and the ALJ was therefore not required to discuss the persuasiveness of Dr. Dickenson's medical evidence. (Doc. 18 at 11-14.) Additionally, the Commissioner notes the ALJ did account for Plaintiff's mental impairments and limitations. (Id. at 13.)

Plaintiff filed a reply and reiterates that the ALJ erred by entirely omitting any discussion of Dr. Dickenson's treatment records. (Doc. 19.) Specifically, Plaintiff argued the facts of Dyer are distinguishable because the ALJ in Plaintiff's case failed to address "nearly a hundred pages of evidence" from when Dr. Dickenson saw Plaintiff approximately 30 times for mental health therapy compared to the ALJ in Dyer who failed to mention one pain medicine. (Doc. 19 at 2); Dyer, 395 F.3d at 1211. Plaintiff maintains the Eleventh Circuit "also made clear that there is a

5

countervailing principle: ALJs must sufficiently explain 'obviously probative' evidence." (Id. at 2-3 (citing Cowart, 662 F.2d at 735).)

The Magistrate Judge recommended that the decision be affirmed. (Doc. 20 at 3.) First, the Magistrate Judge found that substantial evidence supported the ALJ's finding that Dr. Quayle's opinion was unpersuasive because her opinions were not adequately supported and were inconsistent with the record. (Id. at 5-8.) Second, the Magistrate Judge concluded that the submissions Plaintiff pointed to as Dr. Dickenson's opinions constituted "other medical evidence" rather than "medical opinion" under recent amendments to the regulations, and the ALJ was therefore not required to articulate reasons for finding those forms unpersuasive. (Id. at 9-12.) Even if Dr. Dickenson's submissions did constitute medical opinions, the Magistrate Judge also found these submissions, which were essentially check-box form reports, were conclusory and of limited probative value. (Id. at 10-11.) As for Dr. Dickenson's evidence overall, the Magistrate Judge found that "the ALJ adequately addressed Dr. Dickenson's evidence by virtue of finding the VA [U.S. Department of Veterans Affairs] submissions as a whole 'neither valuable nor persuasive.' " (Id. at 10.) Finally, citing Dyer, 395 F.3d at 1211, the Magistrate Judge explained the ALJ was not required to cite every piece of medical evidence in her decision and concluded the ALJ had provided

6

a satisfactory analysis of medical evidence in the record as a whole. (Id. at 12.) Now, Plaintiff has filed objections to the Magistrate Judge's report and recommendation. (Doc. 21.)

**STANDARD OF REVIEW**

The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**ANALYSIS**

I. DR. QUAYLE'S MEDICAL OPINION AND DR. DICKENSON'S MEDICAL OPINION

Plaintiff does not object to the Magistrate Judge's conclusion that substantial evidence supported the ALJ's decision finding Dr. Quayle's opinion unpersuasive. Additionally, while Plaintiff contends the Magistrate Judge "erred in determining that [t]he ALJ properly considered the opinion of treating therapist Kelly Dickenson, Ph.D.[,]" Plaintiff fails to address the Magistrate Judge's finding that Dr. Dickenson's opinion forms

7

constitute "other medical evidence" under the new regulations rather than "medical opinion." (Doc. 21 at 1.) Instead, Plaintiff merely repeats the same argument made in her original brief that the ALJ failed to address Dr. Dickenson's July 2019 and February 2020 "opinions on [Plaintiff's] mental functioning and work-related restrictions[.]" (Id.)

After reviewing these portions of the Magistrate Judge's findings for clear error, this Court agrees with the Magistrate Judge and finds that the ALJ's decision finding Dr. Quayle's medical opinion unpersuasive was supported by substantial evidence. (Doc. 20 at 7.) Additionally, the Court finds no clear error with the Magistrate Judge's conclusion that Dr. Dickenson's July 2019 and February 2020 opinion forms constituted "other medical evidence" rather than "medical opinion," and the ALJ was therefore not required to state whether she found the opinion forms persuasive or not or provide a reasoned explanation for discounting it. (Doc. 20 at 10); see B.S.G. v. Comm'r of Soc. Sec., No. 7:20-CV-157 (WLS-TQL), 2022 WL 1286228, at *6 (M.D. Ga. Mar. 4, 2022) (explaining ALJ was not required to state whether she found doctor's manipulative limitations persuasive or provide a reasoned explanation for discounting them because they were "other medical evidence," not a "medical opinion"); Lewis v. Soc. Sec. Admin., No. 4:20-cv-01544-LSC, 2022 WL 885038, at *6 (N.D. Ala. Mar. 24, 2022) (concluding doctor's "check-box form" was not a medical

8

opinion the ALJ was required to consider); 20 C.F.R. § 404.1520c(b). Accordingly, the Court **ADOPTS IN PART** the Magistrate Judge's report and recommendation on these issues.

## II. DR. DICKENSON'S MENTAL HEALTH TREATMENT RECORDS

Although Plaintiff did not clearly label her argument, Plaintiff primarily contends the Magistrate Judge erred by condoning the ALJ's failure to discuss Dr. Dickenson's "obviously probative" treatment records.[2] (Doc. 21 at 2-3.) Plaintiff objects to the Magistrate Judge's reliance on Dyer, cited for the premise that the ALJ is not required to address every piece of evidence in the record, without addressing her argument that the Eleventh Circuit also mandates that an ALJ must sufficiently explain "obviously probative" evidence like Dr. Dickenson's records. (Id.) In response, the Commissioner contends Plaintiff ignores the Magistrate Judge's finding that the ALJ considered Dr. Dickenson's

---

[2] As outlined in this order, the Court notes that in Plaintiff's motion, she argues the ALJ's failure to address Dr. Dickenson's treatment records impacted the ALJ's consideration of Dr. Quayle's opinion, Dr. Dickenson's own opinion, and the opinion of other medical providers. (Doc. 15 at 14, 16.) The Court also notes that the Commissioner responded by citing Dyer when addressing Plaintiff's argument about the ALJ's consideration of Dr. Quayle's opinion. (Doc. 18 at 4-9.) In Plaintiff's objection, it is unclear whether Plaintiff is making her argument about Dr. Dickenson's treatment records and how they support other medical opinions or Plaintiff is raising a new argument that the ALJ erred merely because she did not mention Dr. Dickenson's treatment records. Regardless, Plaintiff's argument fails for the reasons explained in this order.

9

evidence by finding the VA records as a whole neither valuable nor persuasive. (Doc. 22 at 3.)

First, the Court must address an aspect of the Magistrate Judge's recommendation to which Plaintiff did not object. Plaintiff did not object to the Magistrate Judge's reasoning that the ALJ adequately addressed Dr. Dickenson's evidence by "finding the VA submissions as a whole 'neither valuable nor persuasive.'" (Doc. 20 at 10.) However, review of the ALJ's decision reveals that the ALJ specifically referred to Plaintiff's "VA disability ratings," not the VA submissions as a whole. (Doc. 10, Attach. 2 at 24.) Thus, the Court **DECLINES TO ADOPT** the Magistrate Judge's recommendation to the extent it suggests the ALJ's statement shows she reviewed and addressed Dr. Dickenson's treatment records.

Turning to Plaintiff's objection regarding Dyer, the Court finds modification of the Magistrate Judge's analysis is warranted. As previously noted, the Magistrate Judge, relying on Dyer, concluded the ALJ provided a satisfactory analysis of the medical evidence in the record as a whole. (Doc. 20 at 12.) However, in Cowart, the Eleventh Circuit concluded that an ALJ should sufficiently explain the weight given to "obviously probative exhibits." 662 F.2d at 735. In an unpublished decision, the Eleventh Circuit addressed the relationship between Dyer and Cowart, explaining that "[a]lthough the ALJ is not required to

10

specifically refer to every piece of evidence in the record, Dyer, 395 F.3d at 1211, he is required to explain the weight he afforded to 'obviously probative exhibits,' Cowart, 662 F.2d at 735 (quotation omitted)." Lawton v. Comm'r of Soc. Sec., 431 F. App'x 830, 835 (11th Cir. 2011); see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104-05 (11th Cir. 2021) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain 'the weight [it] has given to obviously probative exhibits.'" (citation omitted)). Thus, "[t]he question here is not whether the ALJ's opinion is well supported in general but rather whether the ALJ must have sufficiently explained the weight assigned to evidence which is 'obviously probative.'" Valido v. Kijakazi, No. 1:21-cv-20939-KMM, 2022 WL 4462069, at *6 (S.D. Fla. Sept. 26, 2022). Since the Magistrate Judge did not address whether Dr. Dickenson's treatment records were "obviously probative" evidence, the Court must decide this issue.

After reviewing Dr. Dickenson's treatment records, the Court concludes Plaintiff has not shown they were "obviously probative" evidence for which the ALJ should have assigned a weight. While Plaintiff described the contents of some of Dr. Dickenson's treatment records (Doc. 15 at 5-7), Plaintiff failed to provide any authority in support of her argument that Dr. Dickenson's treatment records constitute "obviously probative" evidence for

11

which an ALJ must explain the weight assigned to it. Valido, 2022 WL 4462069, at *6, *7 (noting that the plaintiff had not supplied cases where courts found similar evidence was obviously probative).

Additionally, other district courts in the Eleventh Circuit "have remanded cases back to ALJs for failure to consider medical opinion evidence that contradicts an ALJ's RFC because such evidence is 'obviously probative.' " Id. at *6 (citations omitted). Here, Plaintiff does not explain how Dr. Dickenson's treatment records, which the Magistrate Court correctly classified as other medical evidence, contradicts the ALJ's findings which accounted for severe mental impairments of affective disorder and posttraumatic stress disorder and limited Plaintiff to superficial interactions with co-workers, and occasional, superficial interaction with the public. (Doc. 10, Attach. 2 at 17, 20.)

Finally, the probative value of Dr. Dickenson's treatment records is substantially diminished by other key facts upon which the ALJ's opinion was based that occurred during the same time period while Plaintiff was attending therapy. See Berry v. Kijakazi, No. 2:20-CV-14269-KMM, 2022 WL 278064, at *8 (S.D. Fla. Jan. 31, 2022) (concluding evidence was not "obviously probative" when it was "diminished by other key facts upon which the ALJ's opinion was based"). As the ALJ noted, Plaintiff cared for a young child and pursued a master's program during this time. (Doc. 10,

12

Attach. 2 at 25; Doc. 10, Attach. 7 at 45-46.) Accordingly, Plaintiff's objection is **OVERRULED**, and the Court finds Dr. Dickenson's treatment records were not obviously probative evidence for which the ALJ was required to assign a weight. Plaintiff has not disputed that the ALJ's decision is otherwise supported by the ALJ's review of extensive evidence.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS IN PART** as herein modified and **DECLINES TO ADOPT IN PART** the report and recommendation (Doc. 20) as the Court's opinion in this case, and Plaintiff's objections are **OVERRULED** (Doc. 21). The Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this **6th** day of October 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA